18846—Scioto Valley Railway & Power Co. v. Effie Rutter. Fairfield Appeals, motion to certify. Allowed. Dock. 12-1-24, 2 Abs. 754.

18847—Jennie Van Pelt v. Paul E. Beach. Cuyahoga Appeals, motion to certify. Overruled. Dock. 12-6-24, 2 Abs. 770.

18848—A. L. Oppenheimer, etc. v. Screw Machine Products Corporation. Cuyahoga Appeals, motion to certify. Overruled. Dock. 12-8-24, 2 Abs. 770.

18850—Ballard Sales Co. v. Michael Stone. Cuyahoga Appeals, motion to certify. Overruled. Dock. 12-8-24, 2 Abs. 770; OA., 2 Abs. 662.

18851—D. E. Lowe, Assignee v. Tire Clearing House Co. Cuyahoga Appeals, motion to certify. Overruled. Dock. 12-8-24, 2 Abs. 770.

18869—State ex rel John H. Simon, Taxpayer v. Edward E. Correill, County Auditor et. Wood Appeals, motion to certify. Overruled. Dock. 12-17-24, 3 Abs. 3.

# Weekly Abstract Of Pending Cases

..The following is the most complete and accurate List of Cases and Decisions Filed and Disposed of in this Court.

It is the Only List in which cases are Indexed and Annotated by back references to the place where they have formerly appeared, thus giving their complete record.

## No. 85
## DUNSTAN v. STORK
### No. 18890. Supreme Court

Before Supreme Court on Motion to require Lorain Appeals to Certify, docketed, Jan. 2, 1925, 3 Abs. 18.

327. COURTS—Does trial court have right to effect compromise in dispute over land?—Or to sustain a resurvey over a recognized old one?

Elizabeth Dunstan owned a lot in Lorain; adjacent to which was a lot owned by Stork. The boundary line by which Mrs. Dunstan went by was one established by a survey in 1895. The uses she made of the lot were claimed to be consistent with the boundary line as indicated by the survey. Stork in 1921 had a re-survey made of his property, and when it was completed built a fence so as to infringe upon the property of Mrs. Dunstan under the boundary line established by survey made in 1895.

In the Lorain Common Pleas both parties waived a jury and the court decided a compromise should be made. When this decision was taken up on error, the Court of Appeals affirmed the trial court's judgment; and again, on a rehearing, the Appeals affirmed the judgment.

The plaintiffs present the points involved in the case, for consideration by the Supreme Court, as follows:

1. Does the trial court have power to effect a compromise in a dispute over land, without the consent of the parties litigant?

2. Is it error to find that a re-survey shall prevail over a survey 30 years old, and when boundaries have been recognized by parties?

3. Is it error to exclude all testimony upon one of two causes of action in a lawsuit, on the ground that all evidence pertaining thereto is too speculative for admission, when allegations of petition setting forth said cause of action are properly put in issue by pleading?

Attorneys—Bayly, Lawrence & Beach, Cleveland, for Dunstan; Glitch & Stack, Lorain, for Stork.

## No. 86
## ESWAY v. CANTON (City)
### No. 18891. Supreme Court

On motion to direct Stark Appeals to certify record.

225. CHARGE TO JURY—Can court in its charge go outside of pleadings, and the issues contained therein?

On the evening of Nov. 7, 1920, Esway went, with some friends into the machine of Valley, another friend. He and they intended to go to Esway's home. To follow the route open at that time, leading to Esway's home, it was necessary to travel down Third street; but due to bad weather conditions, Valley passed Third and drove down Second street, unnoticed by the others in the machine. A creek intersected Second street at its terminii over which stood a solid concrete wall. The automobile, driven by Valley, struck the wall, and Esway, in the back seat, was thrown headlong over the wall sustaining injuries about the head and legs.

In his petition in Common Pleas, Esway alleged negligence on the part of the city in construction and maintenance of said wall. Such negligence was denied by city, and they in turn interposed the defense of contributory negligence; claiming that Valley was intoxicated.

The case went to trial on these pleadings, and verdict for the city was returned. In the Court of Appeals the judgment of the trial court was affirmed.

In his prayer to the Supreme Court, Esway contends:

1. The trial court charged the jury that if joint enterprise existed between Valley and Esway, and Valley was negligent, then this negligence should be computed to Esway.

2. No such issue as outlined above existed in the pleadings.

3. The evidence brought out in the record does not tend to show that joint enterprise existed.

Attorneys—W. S. Ruff, McCarty, Armstrong, Burt & Kinnison, for Esway; all of Canton.